91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles H. RUDOLPH, Petitioner-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, Respondent-Appellee.
 No. 95-3707.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1996.*
Decided July 11, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Charles Rudolph, an inmate currently housed at the Federal Correctional Institute (FCI) in Pekin, Illinois, brought this petition pursuant to 28 U.S.C. § 2241, raising four grounds of relief. The district court denied his petition and Rudolph now appeals raising seven claims, most of which are waived. The only nonfrivolous grounds which we discuss here are a challenge to a disciplinary sanction he received at the FCI in Manchester, Kentucky, and his transfer to the FCI at Pekin.
 
 
 2
 On February 3, 1994, Rudolph failed to report to his scheduled General Educational Development class but instead decided to have his hair cut. He showed up to class an hour late and began to argue with the course instructor stating that he did not want to attend the class. Rudolph then left the class and was later found in the typing room. Rudolph was charged with three rule violations: unexcused absence from work or any assignment (Code 310), refusing a program assignment (Code 306), and insolence towards a staff member (Code 312). The disciplinary committee found him guilty of all three violations and Rudolph appealed. The case was remanded for new findings, and the disciplinary committee found him guilty of two rules violations, dropping the insolence violation. Rudolph was sanctioned with fifteen hours of extra work. These finding were affirmed on appeal and Rudolph filed this petition for relief in the district court.
 
 
 3
 An inmate is not entitled to absolute judicial review of a disciplinary sanction. Rather, we review a disciplinary sanction only when the sanction implicates a liberty interest; that is, when the sanction constitutes an atypical and significant hardship on the prisoner. Sandin v. Conner, 115 S.Ct. 2293, 2298-2300 (1995); Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir.1995). In Sandin, the Supreme Court found that thirty days segregation did not constitute an atypical or significant hardship, and therefore no liberty interest was infringed. Sandin, 115 S.Ct. at 2301; see also Whitford, 63 F.3d at 532 (six months segregation does not infringe a liberty interest). A sanction of extra duty is a less significant sanction than disciplinary segregation. See 28 CFR §§ 541.13(d), 541.13(n). It did not create a major disruption to Rudolph's environment or significantly change his conditions from those in the general population. Therefore, the fifteen hours of extra duty Rudolph received did not constitute the type of deprivation to which due process protections apply.
 
 
 4
 Rudolph's transfer also did not implicate a liberty interest.
 
 
 5
 A prisoner has no due process right to be housed in any particular facility. Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538 (1976). "The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, ... [because] [t]he conviction has sufficiently extinguished the defendant's liberty interest to empower the state to confine him in any of its prisons." Id. Similarly, a transfer to another prison ... is not a further deprivation of an inmate's liberty under the Due Process Clause itself because ... the transfer does not fall outside the expected scope of the sentence.
 
 
 6
 Whitford, 63 F.3d at 532.
 
 
 7
 Because Rudolph's petition did not allege the violation of a liberty interest, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)